# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| LISA FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3146-SSA-CV-S-MJW |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Lisa Freeman seeks judicial review,[1] of a final administrative decision denying her Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review of a final decision of the Commissioner of the Social Security Administration under Title XVI. The parties' briefs are fully submitted, and an oral argument was held on June 24, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

---

[1] With the consent of the parties, this case was transferred to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff was born in 1965 and was 44 years old on the date of her application for Supplemental Security Income. Plaintiff has past relevant work as a medical records clerk and doughnut maker. Plaintiff filed her application for SSI on November 4, 2009. Her application was denied initially on April 8, 2010. Thereafter, at plaintiff's request, a hearing was held on April 16, 2010. Following the hearing, the administrative law judge (ALJ) found plaintiff was not disabled as defined by the Social Security Act.

The ALJ's decision found plaintiff had not engaged in substantial activity since November 4, 2009, the date she filed her application. The ALJ found plaintiff had the following severe impairments: chronic obstructive disease, mild hemiparesis, anxiety and major depressive disorder. The ALJ found that these impairments did not meet or medically equal one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. The ALJ determined that plaintiff retained the residual functional capacity (RFC) to perform light work, but with limitations to account for her impairments. Based on this RFC, the ALJ was determined plaintiff could not perform her past relevant work, but could do other jobs that exist in significant

numbers in the national economy. Accordingly, the ALJ concluded plaintiff was not disabled as defined by the Social Security Act.

Plaintiff alleges the ALJ erred in failing to give proper weight to the medical opinions of record. The Commissioner argues the ALJ's decision is supported by substantial evidence in the record, including the weight given to the medical opinions in the record.

Upon review, this Court finds there is not substantial evidence in the record as a whole to support the decision of the ALJ. The record as a whole and deficiencies in the medical records provide insufficient evidence on which the ALJ can rely in order to accurately determine what plaintiff's physical and mental limitations are in relation to her ability to perform work activities. Accordingly, this Court orders plaintiff's case remanded to the Commissioner with directive that the ALJ order consultative medical examinations. Consultative examinations are required in order for the ALJ to determine, fairly and accurately, what plaintiff's true work limitations are, both physically and mentally. See Barrett v. Shalala, 38 F.3d 1019, 1023 (8th Cir. 1994) (ALJ may order medical examination and tests when the medical records presented to him or her constitute insufficient medical evidence to determine whether the claimant is disabled); 20 C.F.R. § 404.1519a(b) (examination may be purchased to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on the claimant's claim for disability). See also Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). Upon receipt of such consultative examinations, the ALJ can again assess the record as a whole in determining whether plaintiff is disabled under the Act.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case remanded, pursuant to Sentence 4, for further consideration and development of the record as set forth herein.

Dated this 12th day of August, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge